## THE VALVOLINE.

(District Court, E. D. New York. March 19, 1901.)

1. COLLISION—TUG AND MOORED VESSEL.
    A tug boat lay for an hour and a quarter in a stream. At the end of the next pier was a canal boat, with her bow projecting into the slip. The tug thereafter backed out into the river and proceeded under acquired headway until she saw the canal boat, when she reversed her engine, but still went forward and struck the canal boat. *Held*, that she was distinctly liable, and should pay for the injury resulting therefrom.

2. SAME—UNSEAWORTHINESS.
    The fact that a canal boat lying at a pier was not sufficiently strong to withstand a blow from the bow of a tug boat negligently colliding with her does not show the canal boat to have been unseaworthy.

Hyland & Zabriskie, for libelants.
James J. Macklin, for claimant.

THOMAS, District Judge. At Edgewater, N. J., February 1, 1900, the tug boat Valvoline lay head upstream, and some 85 feet below the upper end of a pier. At the end of the next pier above, lying head downstream, was the canal boat Barker, with her bow projecting a few feet into the slip, which was about 100 feet wide. The time was 4 p. m. The tug remained in the position stated about 1¼ hours, and then, according to her captain, backed out into the river some 400 feet from the lower pier, went ahead diagonally towards the New Jersey shore, until within a point 260 or 265 feet from a point 10 feet within the lower side of the upper pier, starboarded, stopped her engines, and proceeded under acquired headway until within 100 feet of the dock, saw the Barker, reversed to go back, but still went forward, and struck the Barker somewhat aft of her stem. Hence the state of facts is that for nearly two hours the captain of the Valvoline knew of the presence of the Barker at the lower side of the upper pier; that a large scow, whose width extended beyond the outlying bow of the Barker, was on the lower side of the upper pier, so that he could not find a berth at that point; that he saw the Barker 100 feet away, when proceeding with engines stopped, and, although he reversed and backed, he collided with the canal boat. It appears to the court that the Valvoline was distinctly negligent, and should pay for all injuries approximately resulting from her negligence. If there was previous damage to the Barker from the ice, that must be distinguished. The claim that the Barker was not seaworthy is unsustained. There ought not to be a rule that should require that a canal boat should be sufficiently strong to withstand impact from the bow of a tug boat negligently colliding with her. The libelants should have a decree for such damages as result from the Valvoline's negligence.